UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2710 PA (PVCx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Joundi White v. Kiewit Infrastructure West, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Kiewit Infrastructure West Co., which claims it is erroneously sued, and that the proper Kiewit defendant is Kiewit Power Constructors Co. ("Removing Defendant"). Removing Defendant contends that this Court possesses diversity jurisdiction over the claims filed by plaintiff Joundi White ("Plaintiff") against Removing Defendant and its codefendants Access Pacific ("AP") and International Union of Operating Engineers Local 12 ("Local 12"), based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2710 PA (PVCx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Joundi White v. Kiewit Infrastructure West, et al. | | |

Here, Removing Defendant makes no allegation in its Notice of Removal regarding the citizenship of its codefendants AP and Local 12. Instead, Removing Defendant contends that the citizenship of its codefendants should be ignored because they are "fraudulently joined." The Ninth Circuit recognizes an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id. (citing Archuleta v. American Airlines, Inc., No. CV 00-1286, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)).

While a court can look at evidence including declarations, a court should remand a case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Morris, 236 F.3d at 1066. "Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. 13CV4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2710 PA (PVCx) | Date | March 24, 2020 |
|---|---|---|---|
| Title | Joundi White v. Kiewit Infrastructure West, et al. | | |

    Here, Removing Defendant does not contend that Plaintiff's claims against AP and Local 12 fail as a matter of law. Instead, Removing Defendant asserts in its Notice of Removal that AP and Local 12 are fraudulently joined because those two defendants and Removing Defendant cannot be considered joint employers. In making this argument, Removing Defendant has conflated "fraudulent joinder" with a potential improper joinder. Indeed, the Notice of Removal states that it "appears that Plaintiff has chosen to sue three separate, unrelated entities about a series of unrelated events in a single lawsuit." (Notice of Removal ¶ 22.) This potential improper joinder does not allow the Court to disregard the apparent lack of diversity between the parties. Nor does the Notice of Removal cite to any case in which a federal court has disregarded the lack of diversity for jurisdictional purposes in similar circumstances.

    The Court finds that Removing Defendant has not met its "heavy burden of persuasion" that there is no possibility that Plaintiffs may prevail on any of their claims against AP or Local 12. Those parties are therefore not "fraudulently joined" and the Court cannot ignore their citizenship for purposes of the Court's exercise of diversity jurisdiction.

    For the reasons stated above, Removing Defendant has failed to establish that complete diversity exists. See 28 U.S.C. § 1447(c). The Court does not have jurisdiction over this action. Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. 19STCV39852, for lack of subject matter jurisdiction.

    IT IS SO ORDERED.